IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JOSE SERRANO** | : | **NO. 21-198** |

### MEMORANDUM

**Savage, J.**                                                                                                        **May 6, 2025**

Defendant Jose Serrano moves for a two-point reduction to his total offense level under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821. Because the amendment does not apply, we shall deny his motion.

On February 6, 2023, Serrano pled guilty to conspiracy to distribute a mixture and substance containing a detectable amount of fentanyl and heroin, in violation of 18 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C); and possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl and heroin, and aiding and abetting, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(C), and 2.

As calculated in the Pre-Sentence Investigation Report, Serrano's total offense level was 29 and his criminal history score was 3. His criminal history score placed him in criminal history category II. His guidelines range, based on a total offense level of 29 and criminal history category II, was 97 to 121 months. He was sentenced to 84 months, 13 months below the bottom of his guidelines range.

*Analysis*

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a court may reduce the sentence if, after consideration of the factors set forth in 18 U.S.C.

§ 3553(a), it determines that (1) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (2) the defendant is not a danger to society. 18 U.S.C. § 3582(c)(2); 18 U.S.C. § 3142(g).

The Sentencing Guidelines provide that a court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010) (noting courts considering § 3582(c)(2) motions must first "determine [a defendant's] eligibility for a sentence modification and the extent of the reduction authorized[,]" and then consider the § 3553(a) factors to determine whether a reduction is warranted). If an amendment does not lower the guidelines range, a reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(2).

On November 1, 2023, Amendment 821 to the U.S. Sentencing Guidelines became effective. Part B of the amendment created a new guideline at § 4C1.1. It allows for a two-point decrease to a defendant's total offense level if the defendant has no criminal history points, unless there are aggravating factors. U.S. SENT'G GUIDELINES MANUAL § 1B1.10 cmt. n. 7 (U.S. SENT'G COMM'N 2024); *see also id.* at § 4C1.1. The Sentencing Commission allowed retroactive application of Part B, with an effective date of February 1, 2024.

Serrano moves for a two-point reduction to his total offense level pursuant to Amendment 821 and U.S.S.G. § 4C1.1. But, Amendment 821 does not apply to him. He received three criminal history points based on a prior conviction, and the amendment

2

only applies if a defendant has no criminal history points. Therefore, Serrano is not eligible for relief under § 3582(c)(2). His motion to reduce his sentence is denied.